UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JACLYN RUGGIERO,  :
LORRAINE RUGGIERO, and  :
JOSEPH RUGGIERO  :
  :
      Plaintiffs,  :
      v.  :    No. 5:18-cv-1236
  :
MORAVIAN COLLEGE,  :
  :
      Defendant.  :

**OPINION AND ORDER**

**Plaintiffs' Motion for Default Judgment, ECF No. 5—Denied**

**Joseph F. Leeson, Jr.**      **October 10, 2018**
**United States District Judge**

    Plaintiffs Jaclyn, Lorraine, and Joseph Ruggiero have moved for a default judgment after Defendant Moravian College failed to respond to their Complaint. For the reasons discussed below, Plaintiffs' motion is denied, and this case will proceed on the merits.

**I.    BACKGROUND**

    Plaintiffs filed their Complaint on March 23, 2018, ECF No. 1, alleging breach of contract, negligent misrepresentation, violations of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189, based upon Defendant's failure to accommodate Plaintiff Jaclyn Ruggiero's disability when she was a student at Moravian College.

    Defendant did not respond to the Complaint, and this Court entered a notice of default, instructing Plaintiffs that failing to have a default entered under Rule 55(a) could result in the

case being dismissed for lack of prosecution. ECF No. 4. Instead of obtaining a default from the Clerk of Court, though, Plaintiffs filed the present Motion for Default Judgment. ECF No. 5.

Defendant responded six days later and presented its explanation for its failure to answer the Complaint, which centers around communication issues between Defendant's defense attorneys and its insurer. ECF No. 6. According to Defendant's response and the attached affidavit, Blake C. Marles, an attorney with Stevens & Lee, P.C., counsel for Moravian College, learned of Plaintiffs' Complaint on March 27, 2018, when he checked this Court's electronic dockets. On April 6, 2018, counsel for Plaintiffs contacted Marles and asked if he would accept service; Marles responded on April 11 that he would accept service, but asked that Plaintiffs wait an additional two weeks because he did not know whether Defendant's insurer had assigned Stevens & Lee to defend the case.

Defendant's insurer told Marles on April 19, 2018, that the insurer would defend the case itself. Marles received the Complaint from Plaintiffs on April 25, 2018, and returned an executed waiver of summons. ECF No. 3. Marles forwarded the Complaint to Defendant and the insurer the next day. Marles received no further communications from the insurer and concluded that the insurer had assigned the case to another law firm.

Plaintiffs filed the present Motion on July 6, 2018, and their counsel emailed a copy to Marles. Realizing that the insurer had not assigned the case to another law firm, Marles contacted the insurer on July 9, 2018,[1] and the insurer assigned the case to Stevens & Lee.

---

[1] Plaintiffs point out in their reply that Defendant's response states that Marles contacted the insurer on July 9, whereas his affidavit states that he contacted the insurer on July 6. Pls.' Reply 1 n.1, ECF No. 7. This Court does not find this discrepancy meaningful.

## II. ANALYSIS

As an initial matter, this Court cannot grant Plaintiffs' motion for default judgment because Plaintiffs have not yet requested or obtained an entry of default against Defendant by the Clerk of Court under Federal Rule of Civil Procedure 55(a). *See Husain v. Casino Control Comm'n,* 265 F. App'x 130, 133 (3d Cir. 2008) (holding that district court correctly denied motion for default judgment where no default had been entered); *Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005) (same); *Olivia B. ex rel. Bijon B. v. Sankofa Acad. Charter Sch.*, No. CIV.A. 14-867, 2014 WL 3855441, at *3 (E.D. Pa. Aug. 6, 2014) ("Plaintiffs' failure to follow the proper procedure is fatal to the instant Motion for Default Judgment.").

Regardless, even on the merits, default judgment is inappropriate. The Third Circuit Court of Appeals requires a district court ruling on a motion for default judgment to balance three factors: (1) whether the plaintiff will be prejudiced if the default is denied, (2) whether the defendant appears to have a meritorious defense; and (3) whether the default was the product of defendant's culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154 (3d. Cir. 2000) (*citing United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d. Cir. 1984)). Any doubts should be resolved against default and in favor of reaching a decision on the merits. *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983).

Plaintiffs have not established that they will suffer prejudice if this Court does not enter a default judgment. "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523–24 (3d Cir. 2006) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656–57 (3d Cir. 1982)); *see also Gov't Employees Ins. Co. v. Pennsauken Spine & Rehab P.C.*, No.

CV1711727RBKKMW, 2018 WL 3727369, at *5 (D.N.J. Aug. 6, 2018) (applying *Nationwide Mut. Ins. Co.* to motion for default judgment). Plaintiffs argue that further delay in the resolution of this case will hinder their ability to discover evidence because various potential witnesses no longer work at Moravian College. Mot. 8. However, although Plaintiffs suggest that the passage of time might make contacting potential witnesses and discovering relevant evidence more difficult, they offer no reason to believe that the evidence will become unavailable or that they will otherwise be unable to make their case. Plaintiffs also argue that additional delay in recovery will allow interest on Plaintiff Jaclyn Ruggiero's student loans to accrue for longer and thus increase the extent of Plaintiffs' damages. *Id.* However, a future damages award could compensate Plaintiffs fully for additional student loan interest accrued; Plaintiffs present no argument to the contrary. Therefore, the first factor weighs against default judgment.

With respect to the second factor, Defendant has not established a meritorious defense. "The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (internal quotations and citation omitted). In this case, though, Plaintiffs point out that Defendant has not raised any specific factual defenses in its brief in opposition to the motion. Reply 3. Indeed, Defendant asserts only that it will answer and dispute many factual averments central to the issues. Def.'s Opp. 4, ECF No. 6. Nor has Defendant filed a copy of its proposed answer that would allow this Court to evaluate its planned defenses.

If Defendant were seeking to vacate a default judgment instead of opposing the entry of a default judgment, its case would fail at this point, because a party seeking to vacate a default judgment must show as "the threshold question" that it can establish a meritorious defense. *Cent. W. Rental Co. v. Horizon Leasing*, 967 F.2d 832, 836 (3d Cir. 1992). Courts apply a more lenient

standard to motions to vacate an entry of default than to motions to vacate a default judgment. *See Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982) ("Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment."). As a result, many courts within the Third Circuit, "while recognizing that lack of a meritorious defense is, by itself, dispositive in the motion to vacate default judgment context, [have] been reluctant to similarly hold in the entry of default context." *Nat'l Specialty Ins. Co. v. Papa*, No. CIV. 11-2798 RMB/KMW, 2012 WL 868944, at *2 (D.N.J. Mar. 14, 2012) (collecting cases). Those courts weigh the defaulting party's failure to raise a meritorious defense alongside the other *Chamberlain* factors.[2] *See, e.g., Aguiar v. Recktenwald*, No. CIV.A. 3:13-2616, 2014 WL 1653187, at *5 (M.D. Pa. Apr. 24, 2014) (denying default judgment even though defendants had not filed a response to the complaint outlining their defenses, because "courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exists"); *Paris v. Pennsauken Sch. Dist.*, No. CIV. 12-7355 NLH/JS, 2013 WL 4047638, at *3 (D.N.J. Aug. 9, 2013) (concluding that "Defendants have not indicated to the Court that they would be entitled to any meritorious defenses, let alone offered specific facts in support of any such defenses," but granting motion to vacate entry of default); *Allstate*

---

[2] The United States District Court for the District of New Jersey in *Papa* identified another line of district court decisions in the Third Circuit that denied motions to vacate entries of default when defendants did not demonstrate a meritorious defense, but allowed an additional opportunity to establish a defense. *Papa*, 2012 WL 868944, at *2 (collecting cases). The *Papa* court followed this approach because "[t]he greater leniency afforded movants in the entry of default context cannot entirely excuse their obligation to present a meritorious defense," and allowed the defendant thirty days to present meritorious defenses. *Id.* at *3. This Court does not follow this approach because this case is at an even earlier stage than *Papa*—as discussed above, Plaintiffs have not even obtained an entry of default.

*Ins. Co. v. Hopfer*, No. CIV.A.08-4549, 2009 WL 1362612, at *3 (E.D. Pa. May 14, 2009) (observing that "[c]ourts in this district have held that the failure to present a meritorious defense is not necessarily fatal" and vacating entry of default). Therefore, the second factor weighs in favor of default or, at best, is neutral. *See Gross v. Weinstein, Weinburg & Fox, LLC*, No. CV 14-786-LPS, 2017 WL 5714001, at *3 (D. Del. Nov. 28, 2017) (finding second factor inconclusive where defendant's motion to set aside default judgment did not indicate what defense defendants intended to put forth and asserted only a factual dispute concerning liability).

As was the case in *Paris*, the "crux" of Defendant's argument is the third factor, whether the default resulted from culpable conduct by the Defendant. Defendant attributes its failure to respond to the Complaint to a "communication breakdown" between Marles and its insurance carrier with respect to who was responsible for defending the case. Opp. 5. In this regard, this case resembles the factual scenario in *Paris*, where the defendant school district's delay in responding to the complaint resulted from communication issues among the defendant, its counsel, and its insurer. 2013 WL 4047638, at *4. In *Paris*, the defendant received the complaint before the school district's winter break and, when school began again, the employee responsible for contacting counsel and the insurer was out sick. *Id.* When the employee returned, the school district contacted the insurer, but had to wait until the insurer agreed to afford a defense. *Id.* When it did, the school district retained counsel immediately. *Id.* The court found that, although perhaps negligent, the defendant's actions were not "flagrant or committed in bad faith," and thus the third factor weighed against default. *Id.*

Like the defaulting party in *Paris*, Defendant alleges that the failure to respond resulted from the insurer's delay in deciding who would defend the case. Marles believed that Defendant's insurer had assigned the case to another firm, so he took no action between April 26

and July 6. The Third Circuit has excused similar failures to respond resulting from a lack of clarity about who represents the defaulting party. *See Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420–21 (3d Cir. 1987) (excusing counsel's failure to respond when complaint was mailed directly to foreign counsel, who forwarded complaint to local counsel with vague and limited instructions, and local counsel received unclear reply to his attempt to clarify his role); *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (excusing failure to respond to complaint resulting from "serious breakdown in communication" between defendant's local counsel in Philadelphia and general counsel in Boston with respect to who was defending the case). Plaintiffs fault Marles for his inaction and seem to suggest that because he had a habit of checking this Court's electronic dockets (which led to his original discovery of the Complaint), he should have recognized that no attorney had entered an appearance for Defendant and followed up with Defendant or its insurer as to the status of the case. Reply 6. Even accepting at face value Plaintiffs' argument that Marles should have done more, courts do not impute counsel's activity or inactivity to their clients. *See Gov't Employees Ins. Co.*, 2018 WL 3727369, at *5.

Plaintiffs also complain that Defendant did not take a more proactive approach but instead took no action between March 27 and July 6. Reply 6. However, Plaintiffs do not show that Defendant's inaction resulted from anything more than reliance on its insurer to retain counsel and defend the case. At best, Plaintiffs can show that Defendant acted negligently, but negligence does not establish culpable conduct. As a result, the third factor weighs against entry of default.

Upon consideration of the *Chamberlain* factors, this Court concludes that entry of a default judgment is not appropriate. Accordingly, Plaintiffs' motion is denied, and this case will proceed on the merits.

**III. ORDER**

**ACCORDINGLY**, for the reasons expressed above, **IT IS ORDERED THAT**:

1. Plaintiffs' Motion for Default Judgment is **DENIED**.
2. Defendant shall file an answer to the Compliant **within fourteen days** of the date of this order.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Court